UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

KEARNEY CISCO d/b/a
CATHY'S RESTAURANT,

     Plaintiff,

vs.                                                   3:05-cv-521-J-33HTS

NATIONAL INSURANCE COMPANY,
a Puerto Rican Insurance
Corporation,

     Defendant.
_____

**ORDER**

     This matter comes before the Court pursuant to Defendant, National Insurance Company's Motion to Stay (Doc. #53), filed on August 28, 2006. Kearney Cisco has filed a response (Doc. #51). For the reasons stated below, the motion is granted.

     Cisco is the owner of Cathy's Restaurant. (Doc. #11-1 at 1.) Cisco took out an insurance policy on the restaurant with National. (Id. at 2.) On January 20, 2004, Cathy's Restaurant sustained fire damage. (Doc. #51 at 1.) Cisco attempted to collect insurance proceeds from National for the fire damage, allegedly a covered loss. (Doc. #11-1 at 2.) National has refused to pay. (Id.) National, in its affirmative defenses, alleges that "[t]he loss was the result of arson by Plaintiff or by others at his direction and control or commission." (Doc. #58 at 3.)

     Following the fire, the Florida State Fire Marshal and the

1

Federal Bureau of Alcohol, Tobacco, and Firearms, suspecting arson, began an investigation into the fire. (Doc. #53 at 1.) As a result of the investigation, the authorities arrested Walter Holton and charged him with arson. (Id.) Holton implicated Tony White, a cook at Cathy's Restaurant. (Id. at 2.) The state attorney nolle prosequied the charges against both Holton and White. (Id.) National alleges that the investigation into the suspected arson is ongoing. (Id.) As such, National argues that a stay is appropriate.

Identifying the alleged ongoing investigation, National contends that presentation of the case before conclusion of the investigation denies National the right to a fair trial. (Id. at 3.) National argues that it is prejudiced by the fact that National is unable to examine the investigation files. (Id.) Further, National claims that it intends to call the investigators as witnesses, and that the investigators' testimony would be constrained during the pendency of the investigation. (Id. at 2.) National argues that this limitation constitutes further prejudice.

In Landis v. North America, 299 U.S. 248 (1936), the Supreme Court provided that:

> the power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants. How this can best be done calls for the exercise of judgment, which must weigh competing interests and maintain an even balance.

2

Id. at 254. Cisco, as any plaintiff, has an interest "in proceeding expeditiously with [the] litigation." SEC v. Healthsouth Corp., 261 F. Supp. 2d 1298, 1326 (N.D. Ala. 2003). While National may be prejudiced by its inability to access evidence, potentially pertinent to National's defense, the equities do not favor the length of stay requested by National, "until culmination of these criminal investigations." (Doc. #53 at 3.)

The fire occurred close to three years ago and the investigation is still ongoing. National has failed to provide this Court with any affidavits from the investigating agencies concerning the anticipated time frame to complete the investigation. Thus, the Court is left to conclude the time frame involved may be indefinite. "[A] court should not grant a stay where the length of the stay would be immoderate or indefinite." Allmon v. United States, No. 3:05-cv-257, 2006 U.S. Dist. LEXIS 36304, at *1-2 (N.D. Fla. April 10, 2006)(citing Landis, 299 U.S. at 255). A stay of such indefinite duration is simply not fair to Cisco. As such, the Court will limit the stay to ninety days.

Additionally, the Court notes that the mediation conference was continued. The parties, within ten days of entry of this order, are directed to file a notice with the Court, indicating the date and time of the rescheduled mediation conference. The mediation conference shall occur at some point before January 1, 2007.

Accordingly, it is now

**ORDERED, ADJUDGED,** and **DECREED:**

1. National Insurance Company's Motion to Stay (Doc. #53) is **GRANTED** to the extent that this matter is stayed for ninety days, up to and including, December 25, 2006.

2. The parties, within ten days of entry of this order, are directed to file notice with the Court, indicating the date and time of the rescheduled mediation conference.

**DONE** and **ORDERED** at Jacksonville, Florida, this <u>26th</u> day of September, 2006.

_____
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies:

All Counsel of Record